The Lincoln National Life Insurance Company, complainant-respondent,

*v.*

Anna Matter and Anna Matter, administratrix of the estate of Samuel D. Matter, deceased, defendant-appellant.

[Argued October 26th, 1933. Decided February 2d, 1934.]

*Mr. Philip Wendkos,* for the appellant.

*Messrs. Riggins & Davis,* for the respondent.

Per Curiam.

By the bill filed in this cause it appears that on the 18th day of July, 1930, the complainant-respondent issued a policy on the life of one Samuel D. Matter, payable at death or at age eighty-five, in the amount of $2,000. The beneficiary

named in said policy is defendant-appellant, Anna Matter, the wife of the insured. The premium was payable on the 18th day of every October, January, April and July, during forty years or until the death of the insured. The insured paid the initial quarterly premium and the quarterly premiums due on October 18th, 1930, January 18th, 1931, and April 18th, 1931, but defaulted in the payment of the premium due on July 18th, 1931. By its terms, the policy lapsed by reason of the failure to pay this last mentioned premium on July 18th, 1931, or within the thirty-day grace period thereafter, as provided in the policy.

The policy also provided:

"Should this policy lapse, it may be reinstated at any time upon presentation of evidence of insurability satisfactory to the Company and upon payment of all premium arrears with interest at six per cent. per annum and the payment or reinstatement of any other indebtedness to the Company on account of this Policy."

Under said provision the insured on September 2d, 1931, applied, in writing, for reinstatement of the policy, and on September 11th, 1931, the company did reinstate the policy upon payment of the premiums then in arrears, with interest, and on September 14th, 1931, notified Matter of such reinstatement. In the application for reinstatement appeared the following:

"I furher represent and state that I am now in good health, free from all disease, deformities or ailments, and of temperate habits; that since the date of the issuance of the above described policy I have had no injuries, ailments or illnesses, and have not been sick from any cause; that since the date of the issuance of the said policy I have not consulted or been prescribed for or attended by, a physician or practitioner from any cause.

(If there are any exceptions to the above, write same out here fully.)

Ailment, illness or injury

| Date | Physician or Practitioner and his address | Results. |
|---|---|---|
| | None." | |

On October 29th, 1931, Matter died at the Jewish Hospital in Philadelphia, Pennsylvania, from ulcer of the stomach following an operation therefor.

After respondent was notified of assured's death, it ascertained that on February 28th, 1930, Matter consulted a physician, complaining of severe pains throughout the abdominal region; that on or about June 11th, 1931, the assured entered the Jewish Hospital for treatment, and remained until June 30th, 1931, during which time he was treated for ulcer of the stomach; that on or about October 20th, 1931, he again entered the same hospital, where he remained until the time of his death, and where he was operated upon for ulcer· of the stomach.

Respondent prayed for preliminary restraint of the beneficiary from instituting an action at law to recover the amount of the policy; also that the policy be decreed to be null and void and that it be delivered for cancellation. Preliminary restraint was granted.

Appellant answered alleging that Matter paid all of the premiums as they became due, and that the policy was always in full force and effect; that respondent waived the provision of the contract requiring payment of premiums not later than one month after the due date; that the premium due July 18th was unconditionally accepted on September 2d, 1931; denied that Matter applied for reinstatement of the policy; denied that Matter made any representations, false or otherwise, as an inducement to the issue of a policy of insurance by respondent to him.

Motion was made to strike the answer on the ground that the averments therein were sham, untrue or insufficient. The motion was supported by affidavits setting forth the existence of the facts asserted by respondent, with respect to the making of the application for reinstatement of the policy, and of the physical condition and treatment therefor of the insured. The appellant offered no proofs.

On January 6th, 1933, Vice-Chancellor Ingersoll advised an order that the answer be stricken out in its entirety. An amended answer and counter-claim was filed on January 30th, 1933. The cause was referred to Vice-Chancellor Ingersoll for final disposition. Respondent thereupon gave notice of a motion to strike the amended answer and counter-claim, and supported its motion by the proofs theretofore submitted

on its first motion. The vice-chancellor advised an order striking out the answer and counter-claim.

Upon notice, the vice-chancellor proceeded to fix the terms of the final decree, which was entered February 18th, 1933. By its terms the policy was decreed to be null and void; appellant was permanently restrained from instituting any suit to collect the amount alleged to be due thereon and directed to surrender the policy to respondent; the decree imposed the costs upon appellant, and directed that any balance remaining of premiums in respondent's hands and payable to appellant, after payment of costs, be paid to the solicitors of respondent as a counsel fee. From this decree this appeal is taken.

The action of the vice-chancellor in striking out the amended answer and counter-claim was fully justified by the uncontradicted proofs submitted by the respondent, exhibiting conscious fraud and misrepresentation in the application for reinstatement of the policy.

Appellant argues that the policy was always in force; that there was a waiver of default in payment of the premium due July 18th, 1931, by acceptance thereof without reinstatement; and that, as a matter of fact, there never was a reinstatement of the policy. We think the uncontradicted proofs show otherwise, and disclose that the premium was not accepted until after reinstatement of the policy and that there was no waiver of the default in the payment of the premium then due and payable.

The appellant filed an affidavit setting up that she was without means to pay counsel, or counsel fees to respondent, and that it would be a hardship, in the circumstances of the case, to impose counsel fees on her. Such fees would exhaust the premiums paid on the policy, which respondent tendered to appellant in the bill.

We are much impressed with this representation on behalf of the appellant and are of opinion that, in the circumstances of this case, no counsel fee should have been awarded. There was no suit instituted by the beneficiary and the proofs do not show that any was threatened.

The decree appealed from will be modified to that extent.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, DILL, JJ. 13.